UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CEMENT MASONS' PENSION TRUST
FUND - DETROIT & VICINITY, et. al.,

        Plaintiff(s),        CASE NO.: 03-CV-70839-DT

vs.        HON. PAUL D. BORMAN
        MAG. JUDGE WALLACE CAPEL

M&B CONCRETE, INC.,

        Defendant(s).
_____/

## ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION

This matter is before the Court on the Defendants' "Objections To, And Motion To Modify, June 30, 2005 Order And Brief In Support," filed on July 19, 2005.

Having reviewed and considered the objections to the order and the motion to modify, the Court is inclined to deny the Defendants' request for reconsideration of the Order entered on June 30, 2005, in this matter. In their motion, the Defendants contend that the order entered on June 30, 2005, should be modified because it does not accurately reflect the ruling of the Court.

A motion for reconsideration will not be granted if the motion "merely present[s] the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). In the instant matter before the Court, the Defendant has not demonstrated any palpable defect by which the Court and the parties were misled, nor has he raised any new issues which would convince the Court to reverse its Order.

Having reviewed the Defendants' motion, it appears that Defendants are arguing that the

Court did not order any production of documents at the hearing.  Further, they argue that the phrase "books and records" as used in the Order is unlimited in subject matter and is too vague to provide Defendants with fair notice of what documents are required.  To the contrary, as reflected in the transcript of the hearing, the Court clearly ordered that the Defendants are to provide the Plaintiff with any of the records necessary for the new audit to be performed.  The order entered on June 30, 2005, outlines what records are necessary for that audit to be accomplished.

The Defendants further seem to argue that the order "impermissibly" permits the Plaintiff's a greater amount of time to complete the audit because it does not take into account the time allotted for the auditor to obtain the books and records.   As stated in the Order, the Defendants are to provide their books and records within one week of the date of the Order to the auditor.  Then, within 60 days, an audit is to be completed and submitted to the Court and counsel.  The Court fails to see how this "impermissibly" extends the deadline to file and serve the audit.

Lastly, the Defendants argues that  they did not receive the proposed order in a timely manner in this case.  However, as noted in Plaintiff's Exhibit "E" of their  Response to the objections and motion to modify, the Defendants were provided with a copy of the proposed order via facsimile on June 28, 2005.  Additionally, Defendants' argument that they did not receive the Order entered by the Court on June 30, 2005, in a timely manner  is without merit.  As noted in Plaintiffs' Exhibit "F" of their Response, the Order was filed electronically with notice of such filing being provided to both  the Plaintiffs'  and  to the Defendants' counsel in this matter by electronic means.

Accordingly, the Court finds that the Order entered on June 30, 2005, correctly details what the Court ordered at the hearing that was held on this matter, and that the Order shall remain in full force and effect. The Defendants' objections to the order and their motion to modify the order are hereby **DENIED.**

**IT IS SO ORDERED.**

The parties are hereby informed that any objection to this order must be filed with the district court within 10 days after service thereof, pursuant to Rule 72(a), Federal Rules of Civil Procedure.

**DATED: August 5, 2005**               s/ Wallace Capel, Jr.
                                        **WALLACE CAPEL, JR.**
                                        **UNITED STATES MAGISTRATE JUDGE**


**CERTIFICATION OF SERVICE**

I hereby certify that on  August 5, 2005, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Robert A. Farr, Jr., George H. Kruszewski, Kent S. Siegel , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: not applicable .

                                        s/ James P. Peltier
                                        James P. Peltier
                                        Courtroom Deputy Clerk
                                        U.S. District Court
                                        600 Church St.
                                        Flint, MI 48502
                                        810-341-7850