UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

CEMENT MASONS' PENSION TRUST FUND -
DETROIT AND VICINITY, et. al.,
     Plaintiff(s),     CASE NO.: 03-CV-70839-DT

vs.     HON. PAUL D. BORMAN
     MAG. JUDGE WALLACE CAPEL

M&B CONCRETE, INC.,
a/k/a M&B CONCRETE AND CONSTRUCTION
COMPANY,
     Defendant(s),
_____/

## FINDINGS OF FACTS AND CONCLUSIONS OF LAW
## REGARDING HEARING ON DAMAGES

  This matter came before the Court for hearing based on an Order of Reference for "Hearing on Damages," dated May 27, 2005, by the Honorable Paul D. Borman.

  This matter was filed on February 28, 2003 by Plaintiffs, which are trust funds established under Section 302 of the Labor-Management Relations Act of 1947, as amended (LMRA), 29 U.S.C. § 186 et. seq., and the Employee Retirement Income Security Act of 1974, as amended (ERISA), 29 U.S.C. §§ 1001 et. seq., claiming that the Defendants failed to make contributions to the fringe benefit funds.

  On May 19, 2004, the Honorable Paul D. Borman issued an Opinion and Order Granting Plaintiffs' Motion for Summary Judgment. In his opinion, Judge Borman found that "taking the evidence in the light most favorable to Defendant, Defendant cannot establish a genuine issue of material fact in support of the claim that the enterprises were not alter egos." Accordingly, the Court found that the Defendants are alter ego entities and summary judgment was granted in favor of the

Plaintiff.

The Court on March 14, 2005, entered an Order denying the Plaintiffs' verified second motion to amend judgment; and setting the issues of Plaintiffs' damages for a hearing. The hearing for damages was subsequently referred to the undersigned for hearing on that issue.

On June 27, 2005, oral argument was held on the Plaintiffs' "Brief In Support Of Audit." At that time, it was ascertained that an audit that was to have been performed was not properly done and ordered an updated audit in this matter to determine the amount of damages owing the Plaintiffs.

On November 2, 2005, the Plaintiffs submitted an updated audit to the Court for review. A continued hearing on the issue of damages was held on November 30, 2005. At that hearing, the Court heard oral argument from the parties as to the recently updated audit. The Court also heard from the auditor, Charles Nichols. Based upon the information presented at the hearing, it was determined that the updated audit proved to be insufficient in that it failed to explain what documents were examined by the auditor in order to make a comparison as to what documents were used in the initial audit and for the updated audit. It was also learned that the audit did not take into account the geographical areas in which the individuals worked. Subsequently, it was determined that the updated audit was inadequate. By way of order entered on December 1, 2005, the Court ordered that the Defendants were to submit all the necessary books and records to the Plaintiffs in order to perform a complete audit. Another hearing was scheduled for January 24, 2006 on this matter.

A continued hearing was subsequently held on January 24, 2006. At that hearing the Plaintiffs argued that the Defendants violated the statutory requirements of ERISA to maintain records in order for the Plaintiffs to determine the amount of indebtedness owed by the Defendants.

The provisions of ERISA, 29 U.S.C. 1059(a) requires that the parties maintain records concerning each employee in order to determine the amount of benefits which may become due to that employee.  Further, the Collective Bargaining Agreement entered into between the parties requires that certain records be maintained.  The Plaintiffs further argued that part of that record keeping process required the Defendants to maintain records to show the geographical area in which the work was performed.

The Defendants argued that the burden rests with the Plaintiffs to show the amount of damages that are owed.  Defendants contend that the Plaintiffs have merely re-cycled the previous audit and presented it to the Court for review.  Further, the Defendants argue that the Plaintiffs have not shown that the Defendants actually employed the persons for whom the contributions are being sought.

Having heard oral argument on three different occasions on this matter, as well as a review of the briefs submitted by the parties, the Court finds that the Plaintiffs are entitled to monetary judgment in this matter.

The Court finds that the Defendants are required to keep complete records of its employees as required under both ERISA and the Collective Bargaining Agreement entered into by these parties.  Where the Defendant is unable to adequately establish that the work performed was not within the geographical and jurisdictional area under the Collective Bargaining Agreement because it failed to maintain the proper records,  it is the Defendants' burden to establish that the audit is not a reasonable estimate of the amount of damages due and owing to the Plaintiffs.  An employers failure to maintain adequate records shifts the burden to the employer to prove that the work performed was covered or not covered. Operating Engineers Pension Trusts v B&E Backhoe, 911

F2d. 1347, 1354 (9th. Cir., 1988).

Accordingly, for the reasons stated on the record the Court finds that Plaintiffs are entitled to a judgment amount totaling $482,292.19, that being the sum of Plaintiffs' updated audit for unpaid fringe benefit contributions and liquidated damages for the time period of January, 1999, through September, 2003 ($469,570.29), plus costs and attorney fees ($12, 721.90), with post judgment interest accruing in accordance with 29 U.S.C. § 1961.

The parties are hereby informed that any objections to this order must be filed with the district court within ten days after service, pursuant to Rule 72(a), Federal Rules of Civil Procedure.


**DATED: February 6, 2006**          **s/ Wallace Capel, Jr.**
                                     **WALLACE CAPEL, JR**
                                     **United States Magistrate Judge**

**CERTIFICATE OF SERVICE**

     I hereby certify that on **February 6, 2006**, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Robert A. Farr, Jr., George H. Kruszewski, Kent S. Siegel, and I hereby certify that I have hand delivered/ mailed by United States Postal Service the paper to the following non-ECF participants: not applicable.

                                         s/ James P. Peltier
                                         James P. Peltier
                                         Courtroom Deputy Clerk
                                         U.S. District Court
                                         600 Church St.
                                         Flint, MI 48502
                                         810-341-7850
                                         pete_peltier@mied.uscourts.gov